UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-22386-CIV-Otazo-Reyes

CONSENT CASE

RANDY DE LA IGLESIA )
)
Plaintiff, )
)
vs. )
)
INTERNATIONAL CABLE )
CORPORATION )
JEFFREY FRUMAN, )
)
Defendants. )
_____)

### DEFENDANT'S MOTION TO STRIKE AND RESPONSE TO PLAINTIFF'S MOTION FOR SUBSTITUTION OF ESTATE FOR PARTY DEFENDANT AND REQUEST FOR INITIAL HEARING

Defendants, by and through their undersigned attorney, hereby submit this Response in Opposition to Plaintiff's Motion for Substitution of Estate for Party Defendant and Request for Initial Hearing. Defendants move this Honorable Court to strike the Plaintiff's Motion from the record as its filing was premature, inappropriate, and ultimately unnecessary at this stage of litigation.

### INTRODUCTION

1. This is an action for alleged overtime-wage violations under the Fair Labor Standards Act.

2. Recently, undersigned counsel for the defense became aware of the un-timely passing of Jeffrey Furman, an individually-named defendant in this case, who's liability has not been proven and established in the case at bar.

3. Upon obtaining such knowledge, undersigned counsel promptly informed Plaintiff's counsel of the decedent's passing, although undersigned has yet to receive confirmation from the family in the form of a death certificate.

4. Without allowing reasonable time for undersigned counsel to obtain necessary information and documentation to properly enter a Suggestion of Death on the record, Plaintiff filed the motion at bar.

5. Information requested by Plaintiff's motion (inappropriately styled as a Motion for Substitution as it fails to provide the Court with any indication of who should be substituted for the decedent) could have been more appropriately sought through discovery tools or direct communication with defense counsel. Plaintiff proposes, instead, to expend valuable judicial resources by arrogating ordinary procedural mechanisms.

## MEMORANDUM OF LAW

Rule 25, Federal Rules of Civil Procedure, provides that if "a party dies and the claim is not extinguished, the court may order substitution of the proper party." It further specifies that a motion for substitution may be made *after* service of a statement noting the death. *See* Fed. R. Civ. P. 25(a)(1) (emphasis added). And, even though notice is not a strict prerequisite for substitution[1], the intent of Rule 25 is clearly that such a motion be made after information regarding possible substitutes is available.

To that end, well-settled case law instructs that a proper motion for substitution should identify the party to be substituted or it may be denied. *See Colon v. St. Clair*, 2010 WL 4630792, at *1 (E.D. Cal. 2010) (motion for substitution denied where plaintiff failed to identify and serve decedent's representative); *Anderson v. Wade*, 2008 WL 873653, at *1 (W.D. N.C.

---

[1] Fed. R. Civ. P. 25 advisory committee's note (1963) ("A motion to substitute may be made ... without awaiting the [statement noting] death).

2008) ("Without identifying the persons to be substituted, [the motion and suggestion] do not comply with [Rule 25].") Thus, in the absence of an identifiable substitute, Plaintiff's Motion for Substitution is ineffectual.

There is no time limit under Rule 25 for making a suggestion of death on the record. The 90-day limit for a substitution motion applies only when a suggestion of death has been made on the record; there is no time limit when no suggestion of death has been made. *See Anderson v. Aurotek*, 774 F2d 927 (9th Cir. 1985). Plaintiff, therefore, is not prejudiced or harmed by a formal Suggestion of Death having not been filed at this time.

Furthermore, nothing in Rule 25 *requires* any person or party to file a statement noting death. In fact, Plaintiff benefits in the absence of such filing as he is then not subject to the strict 90-day time limit for identifying a proper substitute for the decedent. Accordingly, requesting that the Court order Defendants to file a formal Suggestion of Death is, at the very least, superfluous when the desired information could easily be obtained through simple discovery.

For the foregoing reasons, Defendants respectfully request that this Honorable Court strike Plaintiff's motion from the record.

Dated this 26th day of April, 2013.

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**

COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone:     (305) 416-5000
Facsimile:       (305) 416-5005

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____
Anthony M. Georges-Pierre, Esq.

### SERVICE LIST

Anthony M. Georges-Pierre, Esquire
**REMER & GEORGES-PIERRE, PLLC**
*Attorney for Defendants*
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Fl 33130
E-Mail: agp@rgpattorneys.com
Telephone: (305) 416-5000
Facsimile : (305) 416-5005

JH Zidell, Esq.
Daniel Feld, Esq.
JHZIDELL, PA
*Attorney for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141