UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-22386-CIV-Otazo/Reyes

**CONSENT CASE**

RANDY DE LA IGLESIA

    Plaintiff,

vs.

INTERNATIONAL CABLE
CORPORATION
JEFFREY FRUMAN,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Jeffrey Fruman ("Defendant"), pursuant to Fed. R. Civ. P. 56 and the Local Rules of the United States District Court for the Southern District of Florida, hereby submits this Response in Opposition to Plaintiff's Motion for Partial Summary Judgment, and in support states as follows:

1. This is an action sounding under the Fair Labor Standards Act ("FLSA") for alleged overtime-wage violations and retaliatory discharge.

2. Plaintiff filed this action against Corporate Defendant, International Cable Corporation, and Individual Defendant, Jeffrey Fruman.

3. Plaintiff's Amended Complaint alleges that Mr. Fruman was "a corporate officer and/or owner of the Defendant Corporation who ran the day-to-day operations of the Defendant Corporation for the relevant time period and was responsible for paying Plaintiff's wages for the

relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d)." D.E. 15-1 ¶ 4. Plaintiff's Amended Complaint alleges no other material facts which would implicate Mr. Fruman's individual liability.

4. Notwithstanding that Plaintiff's allegations fall well below current pleading standards, Plaintiff's subsequent Admissions and deposition testimony reveal that such allegations against Mr. Fruman were false and known to be false at the time Plaintiff filed his Amended Complaint.

5. As concerning his overtime claim, in direct contradiction to specific allegations contained in the Amended Complaint, Plaintiff admits that Mr. Furman (1) did not interview Plaintiff (Def. SMF[1] ¶ 1); (2) did not hire Plaintiff (Def. SMF ¶ 2); (3) did not terminate Plaintiff (Def. SMF ¶ 5); (4) did not set Plaintiff's work schedule (Def. SMF ¶ 3); (5) did not set Plaintiff's wages (Def. SMF ¶ 4); (6) did not supervise Plaintiff's day-to-day work (Def. SMF ¶ 6); (7) did not supervise any employee's day-to-day work (Def. SMF ¶ 7); and (8) was not present on a day-to-day basis at the workplace (Def. SMF ¶ 8).

6. Plaintiff, in his Motion for Partial Summary Judgment, attempts to rehabilitate his prior inconsistent admissions with yet even more contradictions and wholly self-serving allegations.

7. Plaintiff's proffered facts, nevertheless, even if taken as true, are insufficient to warrant summary judgment on the issue of Mr. Fruman's liability.

## MEMORANDUM OF LAW

### A. Standards For Summary Judgment

Federal Rule of Civil Procedure 56(b) provides that a party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim. Rule 56(c)(2) further provides:

---

[1] "Def. SMF" refers to D.E. 50, Defendants' Statement of Material Facts in support of their Motion for Partial Summary Judgment.

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The moving party is entitled to summary judgment when the non-moving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant is not required to produce evidence in support of its motion. *Exemar v. Urban League of Greater Miami, Inc.*, 585 F.Supp.2d 1377, 1381 (S.D. Fla. 2008). Nor is the movant required to produce evidence to disprove an opponent's claim. *Cagle v. Bruner*, 921 F.Supp. 726, 729 (M.D. Fla. 1995). The movant need only establish that, after adequate time for discovery, there is an absence of evidence to support the non-moving party's case. *Catrett*, 477 U.S. at 325. The non-movant need not be given the benefit of every inference, but only every reasonable inference. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

The court must hear the evidence and all permissible fact inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material fact." *Id.* at 586. Rather than merely alleging the existence of some factual dispute, the non-moving party must rebut any facts properly presented by way of affidavits or other evidence demonstrating the existence of a genuine and material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A mere scintilla of evidence in support of the non-movant's position is insufficient to defeat summary judgment. *Louis v. Encore Computer Corp.*, 949 F.Supp. 836, 838 (S.D. Fla. 1996). Similarly, if the evidence is merely colorable or is not

significantly probative, summary judgment is proper. *Anderson*, 477 U.S. at 249; *Louis*, 949 F.Supp. at 838.

### B. Plaintiff has Failed to Meet His Burden in Moving for Summary Judgment as to Mr. Fruman's Liability.

To be liable under the FLSA for violating overtime wage provisions, an individual must be an "employer" as defined by the FLSA. 29 U.S.C.A. § 207(a)(1). *Patel v. Wargo*, 803 F.2d 632 (11th Cir. 1986), and its progeny analyze this provision with respect to defendants in their individual capacities. In *Patel*, the Court held, "[t]o be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." 803 F.2d at 638. In *Patel*, even though the individual defendant was the acting executive director and directed the firing of the plaintiff, he was found to have not been involved in the day-to-day operation of the facility or to have had direct responsibility with respect to the plaintiff; thus, the Court held he was not an employer. *Id.* at 633-34.

In *Alvarez Perez*, 515 F.3d 1150 (11th Cir. 2008), the district court granted an individual defendant's motion for judgment as a matter of law because, although he owned the company, he did not exercise the control over employees that the FLSA requires. *Id.* at 1155. The Court reaffirmed *Patel* stating that, while "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally," the Court has also "made clear that in order to qualify as an employer for this purpose, an officer 'must either be involved in the day-to-day operation or have some direct responsibility for supervision of the employee.'" *Id.* at 1160 (citing *Patel*, 803 F.2d at 637-38).

The disjunctive test of *Alvarez Perez* requires either that Mr. Fruman be involved in day-to-day operations, or that he "have some direct responsibility for supervision of the employee," in order to be considered an employer under the FLSA. *Alvarez Perez*, 515 F.3d at 1160. Here,

Plaintiff alleges that "from 2007 to the date of his passing," Mr. Fruman called International Cable Corporation employees "several times" asking them to perform menial task such as setting up meetings, hiring an interpreter, and paying bills. D.E. 58 ¶ 6. Plaintiff also alleges that Mr. Fruman would "come down *sometimes* for quarterly meetings" and meet with clients or other employees. D.E. 58 ¶ 7 (emphasis added). So, in other words, Plaintiff unconvincingly attempts to persuade this Court that a few phone calls and occasional site visits are tantamount to daily operational control or direct responsibility for supervising Plaintiff.

Furthermore, even where Plaintiff argues that Mr. Fruman had authority to exert operational control of Defendant Corporation, Plaintiff fails to allege facts which demonstrate that Mr. Fruman *actually* exercised such authority. Tellingly, Plaintiff admits that Mr. Fruman delegated "authority to manage the Corporate Defendant's operations" to Edmerson Vasquez (D.E. 58 ¶ 5) and that Mr. Fruman "assigned others to make decisions in the Miami office" (D.E. 58 ¶ 4). At best, Plaintiff alleges that Mr. Fruman would be "in contact with the company" regarding the Corporate Defendant's operations. D.E. 58 ¶ 9. Consistent with established jurisprudential precedent, nevertheless, such dormant, delegated, or passive authority is insufficient to implicate employer status—and thus liability—within the scope of Plaintiff's claims pursuant to the FLSA.

Plaintiff further alleges that "Mr. Fruman was 100 percent owner, and the President of the corporate Defendant," (D.E. 58 ¶ 9) but the Eleventh Circuit has affirmed again and again that "status as a corporate officer alone is insufficient to render an individual an 'employer' to hold the officer personally liable for unpaid wages." *Olivas v. A Little Havana Check Cash, Inc.*, 324 Fed. Appx. 839 (11th Cir. 2009). In *Olivas*, the Court cited *Alvarez Perez* and *Patel* as instances when it had inquired as to "whether the officer was involved in the compensation of employees,

the hiring or firing of employees, or other matters 'in relation to an employee'" when determining the personal liability of an "employer." *Id.* at 845 (citing *Alvarez Perez*, 515 F.3d at 1161).

Even though the rule of *Patel* and its progeny as discussed above is the controlling rule in this jurisdiction, Plaintiff ostensibly suggests an alternative test for employer status under the FLSA set forth in *Donovan v. Grim Hotel Co.*, 747 F.2d 966 (5th Cir. 1984) and *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991). The *Alvarez Perez* Court did reference both cases, which had been cited by the plaintiff, but ultimately found them to be unpersuasive. *Alvarez Perez*, 515 F.3d at 1161. The Court in *Alvarez Perez* did not explicitly declare the role or weight, if any, of these non-binding cases as a test for employer status in this jurisdiction. That being said, insofar as this Court would give any weight to them, despite the controlling precedent of *Patel* and its progeny, Plaintiff has still failed to set forth sufficient facts that Mr. Fruman exercised "control over *significant aspects* of the corporation's day-to-day functions, including determining employee salaries." *Dole*, 942 F.2d at 966 (emphasis added). Plaintiff does allege that Mr. Fruman "signed checks" and made other financial decisions (D.E. 56 ¶¶ 4, 9), but this alone is insufficient to meet any of the aforementioned tests for employer status. Accordingly, the issue of Mr. Fruman's liability in rife with factual disputes and this Court should **DENY** Plaintiff's motion in its entirety.

### C. Conclusion

Well-settled case law and binding precedent is clear: simply being a corporate officer with inherent, though dormant, operational authority is insufficient under any legal theory or judicial test to confer employer liability within the requirements of the FLSA. Such is the case at

bar with regard to Individual Defendant, Jeffrey Fruman. As such, Mr. Fruman cannot be liable for any alleged violations thereof.

**WHEREFORE**, based upon the arguments and case law set forth above, Defendants respectfully request that, where numerous factual disputes exist as to Mr. Fruman's liability, this Court should **DENY** Plaintiff's motion in its entirety.

Dated this 20 day of Sept. 2013.

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on _September 20_ 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


**Joseph J. DiSpaldo, Esq.**
dispaldojoseph@gmail.com
**K. David Kelly, Esq.**
david.kelly38@rocketmail.com
**Jamie H. Zidell, Esq.**
zabogado@aol.com

J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: 305-865-6766
Fax: 305-865-7167

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637